John O. Avery 3407
Ryan E. Farnsworth 8885
Avery Law Office
770 South Woodruff Avenue
Idaho Falls, ID  83401
Telephone: (208) 524-2015
Facsimile:   (208) 524-3020

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Case No.  20-40542-JMM |
| | ) | |
| Mark & Heidi Gerber | ) | Chapter 7 |
| | ) | |
| | ) | MOTION TO DETERMINE PROPERTY |
| Debtors. | ) | OF THE BANKRUPTCY ESTATE |
| | ) | |

---

**Notice of Motion to Determine Property of the Estate**

**No Objection.**  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.**  Any objection shall set out the legal and/or factual basis for the objection.  A copy of this objection shall be served on the movant.

**Hearing on Objection.**  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

Come now, Debtors, Mark and Heidi Gerber, by and through counsel of record,

Ryan Farnsworth, Avery Law, and hereby move for a determination that certain property in

Trustee's possession is not property of the bankruptcy estate.

The basis for Debtors' motion is as follows:

Debtors filed their Chapter 7 bankruptcy on July 15, 2020. Debtors maintain bank

accounts with their children at Wells Fargo Bank, the children are also listed as owners on the

bank accounts, and the money in the bank account belongs only to the children. Debtors do not

use these accounts for their money in any fashion.

As is their common practice, because Wells Fargo noted the Debtor's bankruptcy filing

and potential ownership of funds on account, Wells Fargo froze the children's funds and notified

Trustee that they would release the funds to him upon request, or release them. In any case, the

funds would remain frozen until Trustee made an election.

Debtors provided documentation of the source of the funds, properly amended schedules

as requested (Dkt. No. 14), reflecting that the funds are not Debtors' property and should not be

considered property of the estate, reciting:

> 17.1.
>
> **Wells Fargo - Non Estate Property Pursuant to TItle 11 USC Code 541(D) $5,155.07**
>
> 17.2.
>
> **Wells Fargo - Non Estate Property Pursuant to TItle 11 USC Code 541(D) $2,628.42**
>
> 17.3.
>
> **Wells Fargo - Children's Account - Non Estate Property Pursuant to TItle 11 USC Code 541(D) $71.60**
>
> 17.4.
>
> **Bank of Idaho - children's account - non estate property pursuant to Title 11 USC 541(d), all money**
>
> **deposited belongs to 13 year old son, who is named as an owner on the account. $115.00**

Idaho Statute states that "A joint account belongs, during the lifetime of all parties, to the

parties in proportion to the net contributions by each to the sums on deposit, unless there is clear

and convincing evidence of a different intent." I.C. § 15-6-103.

Accordingly, because the money placed in the account belongs to the minor parties, ***and***

the minor parties are listed as owners on the account, Debtors proportional interest in the account

proceeds is zero.

Debtors argue that the Property is not property of the bankruptcy estate, and hereby move

this court, under 11 U.S.C. § 541, for an order establishing that the Property is not property of

the aforementioned bankruptcy estate.

WHEREFORE, Debtors pray for relief as follows:

1. For an order determining that the requested Property is not property of the bankruptcy

estate; and

2. For such other relief as the Court may deem just and proper.

Dated this 20th day of October, 2020

/s/ Ryan Farnsworth
Attorney for Debtors

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 20th day of October, 2020, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:


R. Sam Hopkins, Trustee @ shopkins@epiqsystems.com

U.S. Trustee @ ustp.region18.bs.ecf@usdoj.gov


And, I hereby certify that I served a true and correct copy of the foregoing document upon the following persons by certified mailing with return receipt with the necessary postage affixed thereto.

Mark & Heidi Gerber
PO Box 634
Island Park, ID 83429


*/s/ Christine Harrop*
Christine Harrop